_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

APR 19 2005    ES

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNE WARDELL<br><br>Plaintiff,<br><br>v.<br><br>DEANNA NOLLETTE, K. ODELL, GIL KERLIKOWSKE, AND THE CITY OF SEATTLE, and each of them,<br><br>Defendants. | C05-0741 RSL<br><br>NO.<br><br>COMPLAINT FOR DAMAGES<br><br>[Jury Trial Requested]<br><br>05-CV-00741-CMP |

COMES NOW the Plaintiff and alleges as follows:

I.  PARTIES

1. Plaintiff is Anne Wardell. Plaintiff has at all times material to this cause been a resident of King County, State of Washington.

2. Defendant City of Seattle is a duly constituted Municipality pursuant to the laws of the State of Washington.

3. Defendants Nollette and Odell were commissioned officers of the City of Seattle Police Department at the time the incidents alleged herein occurred. Only Odell's first initial is known to Plaintiff at this time.

Sinsheimer & Meltzer, Inc., P.S.
ATTORNEYS AT LAW
1001 - 4TH AVENUE PLAZA, SUITE 2120
SEATTLE, WASHINGTON 98154-1109
(206) 340-4700
FAX (206) 464-9555
Email: law@sinsheimer-meltzer.com

4. Defendant Gil Kerlikowske was the Chief of Police for the City of Seattle Police Department at the times the incidents alleged herein occurred.

## II. JURISDICTION AND VENUE

5. This court has personal and subject matter jurisdiction over the Plaintiffs' civil rights claims under 42 U.S.C. § 1983.

6. This court has pendant jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 as they arise out of the same nucleus of operative facts as the federal civil rights claims.

7. The incidents set forth herein and which are the subject of this Complaint occurred in King County, Washington.

8. Pursuant to the Revised Code of Washington, Plaintiff timely filed claims for damages with Defendant City of Seattle and has waited the required period of time before engaging this action. Venue and jurisdiction are therefore proper in this court.

## III. MATERIAL FACTS

9. Defendant Deanna Nollette was a commissioned police officer employed by the police department of Defendant City of Seattle as of March 30, 2004.

10. Defendant K. Odell was a commissioned police officer employed by the police department of Defendant City of Seattle as of March 30, 2004.

11. Defendant Kerlikowske was the Chief of the police department of Defendant City of Seattle, as of March 30, 2004.

COMPLAINT - 2

Sinsheimer & Meltzer, Inc., P.S.
ATTORNEYS AT LAW
1001 · 4TH AVENUE PLAZA, SUITE 2120
SEATTLE, WASHINGTON 98154-1109
(206) 340-4700
FAX (206) 464-9555
Email: law@sinsheimer-meltzer.com

12. On March 30, 2004, at approximately 10:00 am, Defendant Nollette was driving a Seattle Police Department ("SPD") vehicle in the City of Seattle while on duty for the Seattle Police Department.

13. On that date, at that approximate time, while backing up her SPD vehicle on a public road, apparently into a back-in, angle, parking space, Defendant Nollette collided with Plaintiff's vehicle. Plaintiff was driving a small black car.

14. Other members of the Defendant City of Seattle's police department, including Defendant Odell, were called to investigate the collision. Defendant Odell later identified herself as the "investigating officer".

15. Plaintiff exchanged all legally required information with Defendant Nollette following the collision. Despite fulfilling all legal obligations to exchange information, Plaintiff was required by members of Defendant City of Seattle's police department to remain at the location of the collision. Her liberty was restrained at this time. She was not free to leave for approximately one hour.

16. Defendant Odell conferred with Defendant Nollette as part of the "investigation".

17. At the conclusion of the investigation, SPD claimed Plaintiff caused the accident. Defendant Odell issued a traffic infraction for "inattention to driving" to Plaintiff. This citation included a fine of $176.00.

18. Defendant Odell produced a written report of the SPD investigation. The report referenced "witness information" obtained by a Sgt. Robertson of Defendant City of Seattle's police department. Sgt. Robertson produced no report or witness statements.

COMPLAINT - 3

Sinsheimer & Meltzer, Inc., P.S.
ATTORNEYS AT LAW
1001 - 4TH AVENUE PLAZA, SUITE 2120
SEATTLE, WASHINGTON 98154-1109
(206) 340-4700
FAX (206) 464-9555
Email: law@sinsheimer-meltzer.com

19. The only witnesses listed in Defendant Odell's report were individuals named Davydov Yakov and Mohamad Pashai. Witness Yakov later signed a Declaration stating he did not see the collision and had no knowledge of how it occurred. Witness Pashai later produced a Declaration in which he did acknowledge seeing the accident occur. He was the only independent eyewitness produced by the investigation of SPD.

20. The report produced by SPD did not state what witness Pashai saw or what he said to police when interviewed. The report produced by SPD did not indicate the existence of any information or evidence that might be construed as inconsistent or contrary to their conclusion that Plaintiff caused the accident.

21. Documents produced by SPD in relation to the collision and subsequent investigation showed no evidence of a qualified accident reconstruction investigator performing a reconstruction of the accident.

22. When interviewed in preparation for the traffic infraction hearing, and in the Declaration he signed, witness Pashai stated that Defendant Nollette caused the accident by backing into the Plaintiff and that Plaintiff's vehicle was not moving at the time of the collision. Despite knowledge of witness Pashai's account of the accident, Defendants City of Seattle, Odell and her supervisors continued to assert that Plaintiff caused the accident as a result of her "inattention to driving".

23. Defendant City of Seattle's police department conducted an internal investigation of the officer involved collision. The internal investigation was memorialized in a document entitled *Supervisor's Investigation of Vehicle Collision*. The document

COMPLAINT - 4

Sinsheimer & Meltzer, Inc., P.S.
ATTORNEYS AT LAW
1001 - 4TH AVENUE PLAZA, SUITE 2120
SEATTLE, WASHINGTON 98154-1109
(206) 340-4700
FAX (206) 464-9555
Email: law@sinsheimer-meltzer.com

indicates it was prepared by three SPD officers: The driver's [Defendant Nollette's] supervisor, a lieutenant and the precinct commander.

24. One member of this review process wrote, again contrary to witness Pashai's account of the accident, that "OFC/driver [was] struck from rear while stopped or backing into parking spot. Driver of veh. #1 [Plaintiff] either failed to yield R/W to #2 parking, or was inattentive".

25. A second member of the review process stated a "witness [Mr. Pashai] and the investigating officer state the accident occurred because Nollette backed into the second car". This member of the SPD stated the "investigation has not conclusively established the facts of the incident".

26. Defendant Odell later denied ever stating or writing that Defendant Nollette caused the accident by backing into Plaintiff's car as referenced in the *Supervisor's Investigation of Vehicle Collision*.

27. Defendant Nollette was absolved of responsibility for the collision by SPD.

28. Based on the conclusions of SPD, Plaintiff's insurance carrier handled the matter as if Plaintiff was the at - fault driver.

29. Defendants ignored evidence and conspired to impose liability on Plaintiff and cite Plaintiff for a traffic violation she did not commit in an effort to assist Defendant Nollette evade responsibility and liability for the collision she caused. Based on the involvement of multiple supervisors, Plaintiff avers on information and belief that colluding and conspiring to allow employees of the department to avoid responsibility

COMPLAINT - 5

Sinsheimer & Meltzer, Inc., P.S.
ATTORNEYS AT LAW
1001 - 4TH AVENUE PLAZA, SUITE 2120
SEATTLE, WASHINGTON 98154-1109
(206) 340-4700
FAX (206) 464-9555
Email: law@sinsheimer-meltzer.com

and evade liability for traffic accidents is a practice of the Defendant City of Seattle's police department.

30. The Defendant City of Seattle pursued the prosecution of the traffic citation against Plaintiff. The matter was heard in the Seattle Municipal Court by the Honorable Frances de Villa, Magistrate Judge, on July 29, 2004. Defendant Odell testified on behalf of the Defendant City of Seattle. Defendant Nollette was not listed as a witness by the City, did not testify and did not appear at the hearing.

31. Witness Pashai testified, consistent with prior statements to SPD and his signed Declaration, that Defendant Nollette was at fault and caused the accident by backing into Plaintiff's vehicle which was not moving at the time of the collision.

32. Plaintiff moved to dismiss the City's prosecution of the driving offense at the conclusion of the City's case based on the Defendant City of Seattle's failure to state a prima facie case against Plaintiff. Magistrate Judge de Villa granted the Plaintiff's motion and dismissed the citation/action.

33. The collision caused damage to Plaintiff's vehicle and personal and financial injuries to Plaintiff. Plaintiff suffered and continues to suffer personal injuries to her health for which she has received treatment.

34. Plaintiff was required to hire and pay for an attorney to defend her interests, preclude further harm to her in connection with auto insurance, and retain her property (the fine that flows from the citation issued by Defendants).

COMPLAINT - 6

Sinsheimer & Meltzer, Inc., P.S.
ATTORNEYS AT LAW
1001 - 4TH AVENUE PLAZA, SUITE 2120
SEATTLE, WASHINGTON 98154-1109
(206) 340-4700
FAX (206) 464-9555
Email: law@sinsheimer-meltzer.com

35. Plaintiff has been forced to seek legal redress in recovering additional monies for health care, vehicle repair and insurance costs resulting from Defendants attempt to impose liability on Plaintiff for this collision.

36. Plaintiff has suffered and continues to suffer pain, suffering and emotional distress as a result of the acts and omissions of Defendants.

## IV. PROXIMATE CAUSE AND DAMAGES

37. As a proximate cause of the Defendants' policies and practices, and the acts and omissions of each of their agents and individual defendants, Plaintiff has suffered violations of civil rights including but not limited to:

    a. deprivation of substantive due process rights through Defendants' deliberate and/or reckless indifference in failing to adequately train and supervise its employee(s) which failure resulted in the unconstitutional misconduct of said employee(s);

    b. deprivation of due process rights through malicious prosecution;

    c. deprivation of due process rights through deprivation of Plaintiffs' liberty interests;

    d. deprivation of substantive due process rights through commission of conduct that shocks the conscience.

38. As to all Plaintiffs, violations set forth herein have been the proximate cause of physical, financial and emotional injuries, including but not limited to: Loss of property, loss of income, emotional distress, humiliation, and pain and suffering in amounts to be proven at trial.

COMPLAINT - 7

Sinsheimer & Meltzer, Inc., P.S.
ATTORNEYS AT LAW
1001 - 4TH AVENUE PLAZA, SUITE 2120
SEATTLE, WASHINGTON 98154-1109
(206) 340-4700
FAX (206) 464-9555
Email: law@sinsheimer-meltzer.com

## V. COLOR OF STATE LAW AND AGENCY

39. The acts and omissions set out in Section III, above, are repeated and realleged as though fully set forth herein.

40. The acts and omissions contained in ¶¶ 1-39 were engaged in by defendants pursuant to the policies, customs and practices of the Defendant City of Seattle under color of the laws of the State of Washington.

41. At all relevant times, agents of the Defendant City of Seattle described herein were acting under the color of the laws of the State of Washington.

## VI. FIRST CAUSE OF ACTION – VIOLATION OF CIVIL RIGHTS

42. Plaintiff repeats and realleges ¶¶ 1 through 41 as though fully set forth herein.

43. Defendants are liable to Plaintiff for violation of her civil rights guaranteed by the Fourteenth Amendment of the Constitution of the United States, and 42 U.S.C. §1983 through conduct that was intended to cause harm unrelated to any legitimate police function and where such conduct was arbitrary and shocking to the conscience.

## VII. SECOND CAUSE OF ACTION – FALSE ARREST / VIOLATION OF CIVIL RIGHTS

44. Plaintiff repeats and realleges ¶¶ 1 through 43 as though fully set forth herein.

45. Defendants are liable to Plaintiff for violation of her civil rights guaranteed by the Fourth and Fourteenth Amendment of the Constitution of the United States, and 42 U.S.C. §1983, as a result of Defendants Odell and City of Seattle conducting a false arrest of Plaintiff following the collision.

COMPLAINT - 8

Sinsheimer & Meltzer, Inc., P.S.
ATTORNEYS AT LAW
1001 - 4TH AVENUE PLAZA, SUITE 2120
SEATTLE, WASHINGTON 98154-1109
(206) 340-4700
FAX (206) 464-9555
Email: law@sinsheimer-meltzer.com

### VIII.  THIRD CAUSE OF ACTION –
### NEGLIGENT HIRING AND SUPERVISION / VIOLATION OF CIVIL RIGHTS

46. Plaintiff repeats and realleges ¶¶ 1 through 45 as though fully set forth herein.

47. Defendant Kerlikowske is liable to Plaintiff for violation of her civil rights guaranteed by the Fourteenth Amendment of the Constitution of the United States, and 42 U.S.C. §1983, through deliberate and/or reckless indifference in failing to train and supervise subordinate officers, including but not limited to Defendants Nollette and Odell, and failing to restrain said officers from conspiring to injure Plaintiff.

### IX.  FOURTH CAUSE OF ACTION –
### MALICIOUS PROSECUTION / VIOLATION OF CIVIL RIGHTS

48. Plaintiff repeats and realleges ¶¶ 1 through 47 as though fully set forth herein.

49. Defendant City of Seattle and individual Defendants are liable to Plaintiff for violation of her civil rights guaranteed by the Fourteenth Amendment of the Constitution of the United States, and 42 U.S.C. §1983, through deprivation of substantive due process in using their police and governmental powers to maliciously prosecute the allegation of "inattention to driving".

### X. FIFTH CAUSE OF ACTION – MALICIOUS PROSEUCTION / STATE LAW CLAIM

50. Plaintiff repeats and realleges ¶¶ 1 through 49 as though fully set forth herein.

51. Defendants are liable to Plaintiff for the tort of malicious prosecution. In addition to any other basis for liability, the City of Seattle is liable for Plaintiff's damages under the doctrine of *respondeat superior*.

COMPLAINT - 9

Sinsheimer & Meltzer, Inc., P.S.
ATTORNEYS AT LAW
1001 - 4TH AVENUE PLAZA, SUITE 2120
SEATTLE, WASHINGTON 98154-1109
(206) 340-4700
FAX (206) 464-9555
Email: law@sinsheimer-meltzer.com

VIII.   XI. <u>SIXTH CAUSE OF ACTION - FALSE ARREST / STATE LAW CLAIM</u>

50. Plaintiff repeats and realleges ¶¶ 1 through 51 as though fully set forth herein.

51. Defendants are liable to Plaintiff for the tort of false arrest. In addition to any other basis for liability, the City of Seattle is liable for Plaintiff's damages under the doctrine of *respondeat superior*.

XII.   <u>SEVENTH CAUSE OF ACTION – NEGLIGENT HIRING AND SUPERVISION / STATE LAW CLAIM</u>

50. Plaintiff repeats and realleges ¶¶ 1 through 53 as though fully set forth herein.

51. Defendant Kerlikowske is liable to Plaintiff for the tort of negligent hiring and supervision. In addition to any other basis for liability, the City of Seattle is liable for Plaintiff's damages under the doctrine of *respondeat superior*.

XIII. <u>EIGTH CAUSE OF ACTION - NEGLIGENCE</u>

52. Plaintiff repeats and realleges ¶¶ 1 through 55 as though fully set forth herein.

53. Defendant Nollette is liable to Plaintiff for the tort of negligence in the operation of Defendant's motor vehicle that resulted in the collision and injuries to Plaintiff set forth, above. In addition to any other basis for liability, the City of Seattle is liable for plaintiff's damages under the doctrine of *respondeat superior*.

XIV. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff requests that this Court:

54. Accept jurisdiction over plaintiffs' claims;

55. Impanel a jury to hear all issues triable to a jury;

56. Award plaintiffs damages in amounts to be proven at trial;

COMPLAINT - 10

Sinsheimer & Meltzer, Inc., P.S.
ATTORNEYS AT LAW
1001 - 4TH AVENUE PLAZA, SUITE 2120
SEATTLE, WASHINGTON 98154-1109
(206) 340-4700
FAX (206) 464-9555
Email: law@sinsheimer-meltzer.com

57. Award plaintiffs attorneys fees and costs;

58. Award plaintiffs such other and further relief as the Court deems proper.

DATED this 15th day of April 2005.

By:    LAW OFFICE OF MICHAEL SCHWARTZ, P.S.

_____
Michael Schwartz    WSBA No. 11175
Attorney for Plaintiff


SINSHEIMER & MELTZER, INC., P.S.

_____
Ronald Meltzer    WSBA No. 1203
Attorneys for Plaintiff

COMPLAINT - 11

Sinsheimer & Meltzer, Inc., P.S.
ATTORNEYS AT LAW
1001 - 4TH AVENUE PLAZA, SUITE 2120
SEATTLE, WASHINGTON 98154-1109
(206) 340-4700
FAX (206) 464-9555
Email: law@sinsheimer-meltzer.com