UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
ANNE WARDELL, )
) No. C05-0741RSL
               Plaintiff, )
   v. )
) ORDER GRANTING IN PART
DEANNA NOLLETTE, *et al.*, ) DEFENDANTS' MOTION FOR
) PARTIAL SUMMARY JUDGMENT
               Defendants. )
_____)

        This matter comes before the Court on defendants' "Motion for Partial Summary Judgment Dismissing Claims Against the City of Seattle and Chief Kerlikowske." Dkt. # 18. Plaintiff's claims arise out of a low-speed non-injury collision between plaintiff and Officer Nollette on March 30, 2004. Plaintiff alleges that defendants ignored exculpatory evidence when investigating the collision and conspired to cite plaintiff for a traffic violation she did not commit in an effort to assist Officer Nollette in evading responsibility and liability for the collision. Plaintiff asserts various causes of action, including violations of her civil rights under 42 U.S.C. § 1983 and state law claims of malicious prosecution, false arrest, negligent hiring and supervision, and negligence. In support of her § 1983 claim, plaintiff alleges that defendants' abuse of power was intended to cause harm, was unrelated to any legitimate police function, and was arbitrary and shocking to the conscience (all in violation of the substantive due process clause of the Fourteenth Amendment), that Officer Odell arrested plaintiff without

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT

probable cause on the day of the accident (in violation of the Fourth Amendment), that Chief Kerlikowske failed to train and supervise subordinate officers in the conduct of investigations and reviews involving fellow officers (in violation of the substantive due process clause),[1] and that defendants maliciously prosecuted an improper and unjustified citation (again in violation of the substantive due process clause). Defendants seek dismissal of all claims against Chief Kerlikowske[2] and the § 1983 claims against the City of Seattle.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of a claim "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient," however, and factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. Arpin v. Santa Clara Valley Transp. Agency,

---

[1] Although the Third Cause of Action is entitled "Negligent Hiring and Supervision/Violation of Civil Rights," the text discusses a failure to train and supervise. Plaintiff has made no attempt to support a negligent hiring claim.

[2] Defendants have even moved for dismissal of a claim that was not asserted, namely conspiracy. Plaintiff's allegations regarding a concerted scheme support her substantive claims of false arrest, malicious prosecution, failure to train/supervise, and civil rights violations: there is no separate claim of conspiracy in this case.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT    -2-

261 F.3d 912, 919 (9th Cir. 2001); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

Taking the evidence presented in the light most favorable to plaintiff,[3] the Court finds as follows:

**(1) CLAIMS AGAINST CHIEF KERLIKOWSKE**

**(a) Claims Filing Statute, RCW 4.96.020**

Defendants argue that plaintiff's claims against Chief Kerlikowske must be dismissed because the Claim for Damages she filed pursuant to RCW 4.96.020 did not identify the Chief as a person involved. Less than a year ago, five of the Justices of the Supreme Court of Washington concluded that the claim filing statute does not, contrary to many lower court decisions, apply to suits against individuals. Bosteder v. City of Renton, 155 Wn.2d 18, 56-57 (2005) (J. Sanders in concurrence with C.J. Alexander, J. Owens, J. Chambers, and J. Ireland joining). Although the legislature recently took steps to close the "large loophole" created by the Bosteder opinion, the amendments will not be effective until June 7, 2006. S.B. Report SHB

---

[3] Plaintiff argues that defendants' motion for partial summary judgment is premature because discovery was on-going when defendants filed their motion. Discovery closed on February 13, 2006, a week before plaintiff filed her response memorandum, and the Court has not extended that deadline. Assuming plaintiff intended to request a continuance under Fed. R. Civ. P. 56(f), she has the burden of showing that she "cannot for reasons stated present by affidavit facts essential to justify the party's opposition." The party requesting a continuance "must make clear what information is sought and how it would preclude summary judgment." Margolis v. Ryan, 140 F.3d 850, 853 (9th Cir. 1998). Plaintiff is not entitled to a continuance of defendants' partial summary judgment motion. The general assertion that plaintiff needs to depose a Rule 30(b)(6) witness is nothing more than an assertion that she needs to investigate her claims. The assertion provides no indication of the type of information sought, making it impossible for the Court to determine whether such discovery could help plaintiff avoid summary judgment in this case. Plaintiff's objections based on the timing of defendants' motion are overruled.
    Defendants' motion to strike the declaration of Robert D. Keppel is DENIED.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT        -3-

3120 (Wash. 2/21/06) (Majority Report signed by Sen. Kline, Weinstein, Johnson, Carrell, Esser, Hargrove, McCaslin, and Rasmussen); SHB 3120, 59th Leg., 2006 Regular Session Ch. 82 (Wash. 2006).  Thus, at the time of the collision and the filing of this litigation, plaintiff was not required to file a Claim for Damages in order to sue individual defendants such as Chief Kerlikowske.

### (b) Liability Under 42 U.S.C. § 1983

Section 1983 of the Civil Rights Act of 1964 imposes liability "only on a person who subjects, or causes to be subjected, any individual to a deprivation of federal rights . . . ." Pembauer v. City of Cincinnati, 475 U.S. 469, 478 (1986) (internal quotation marks omitted). Section 1983 does not impose liability on individuals based merely on their supervisory authority over an alleged wrongdoer.  Graves v. City of Coeur D'Alene, 339 F.3d 828, 848 (9th Cir. 2003).  A supervisor may be liable, however, if he or she played "an affirmative part in the alleged deprivation of constitutional rights."  Rise v. Oregon, 59 F.3d 1556, 1563 (9th Cir. 1995) (internal quotation marks omitted).  The affirmative conduct may involve the supervisor's direct participation in the events giving rise to plaintiff's claim or it may involve the implementation of policies, rules, or directives that "set in motion a series of acts by others . . . , which he knew or reasonably should have known, would cause others to inflict the constitutional injury."  Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal quotation marks omitted).

Even from the point of view most favorable to plaintiff, there is no evidence that Chief Kerlikowske was personally involved in either the on-site investigation of the collision or the subsequent internal reviews.  Plaintiff relies on the "sets in motion" cases and asserts that Chief Kerlikowske knew or should have known that police officers under his command were (1) detaining civilians during accident investigations without probable cause to believe a crime had been committed and (2) conducting biased investigations and internal reviews of accidents involving officers and civilians.  Plaintiff further asserts that Chief Kerlikowske had a duty to

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT       -4-

correct these practices through proper training and supervision and that his failure to do so caused the false arrest and substantive due process violations of which plaintiff complains.

As far as the record shows, this litigation is the first time anyone has ever challenged the way in which traffic accidents involving officers are investigated and reviewed in the City of Seattle. There is absolutely no evidence that Chief Kerlikowske was aware in 2004 that (a) Sergeant Robertson and possibly Sergeant Eagle thought they had the authority to detain persons involved in non-criminal collisions until the investigation was complete or (b) Lieutenant Tooke believed that personal impressions regarding an officer's credibility not only do, but should, influence the post-collision review process.[4] Plaintiff relies on expert testimony to argue that, even if Chief Kerlikowske did not have actual knowledge of Sergeant Robertson and Lieutenant Tooke's conduct, such practices are so significant to the department and the community that the failure to recognize and correct their conduct is evidence of deliberate indifference to the rights of citizens.[5] Plaintiff's argument rests on nothing more than Chief Kerlikowske's position: in effect plaintiff argues that a chief of police should know what his subordinates are doing and correct improper conduct. As discussed above, however, theories of respondeat superior are insufficient to impose liability under § 1983. Absent evidence that

---

[4] Plaintiff mischaracterizes the testimony of Captain Hill, one of the four supervisors who completed a section of the "Supervisor's Investigation of Vehicle Collision," in an apparent attempt to show that personal bias regularly affects the outcome of the department's internal review processes. Contrary to plaintiff's assertion, the three pages of deposition transcript provided do not show that Captain Hill "acknowledged that he would normally accord the statement of an independent witness greater weight than a party to an accident" or that he "made his decision to believe Nollette based, at least in part, on his personal knowledge of her and her reputation." Response at 8.

[5] Plaintiff also seeks to hold Chief Kerlikowske liable for substantive due process violations arising from the continued prosecution of the traffic citation. Complaint at ¶ 49. Chief Kerlikowske is not mentioned by name in the malicious prosecution section of plaintiff's response memorandum, nor does plaintiff or her expert allege that Chief Kerlikowske knew or should have known that the investigation was faulty or that the prosecution was meritless. Response at 20-21 (Dkt. # 42).

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT        -5-

Chief Kerlikowske participated in the constitutional violations, established a policy that injured plaintiff, failed to prevent a subordinate from violating plaintiff's constitutional rights, or was deliberately indifferent to the rights of persons with whom his officers come into contact, plaintiff's claims against him fail as a matter of law.

Although plaintiff mentions "deliberate indifference" throughout her memorandum, she makes no attempt to define the phrase or explain how Chief Kerlikowske could be indifferent to constitutional violations that he did not know were occurring. Liability attaches under § 1983 "where -- and only where -- a deliberate choice to follow a course of action is made from among various alternatives . . . ." City of Canton v. Harris, 489 U.S. 378, 389 (1989) (quoting Pembauer, 475 U.S. at 483-840). A failure to train or supervise may satisfy this criteria if, "in light of the duties assigned to specific officers or employees[,] the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." City of Canton, 489 U.S. at 390. The cases in which supervisors have been held liable under a failure to train/supervise theory involve conscious choices made with full knowledge that a problem existed. See Oviatt by and through Waugh v. Pearce, 954 F.2d 1470, 1477 (9th Cir. 1992) (sheriff knew that inmates were not being timely arraigned but chose not to create a procedure to remedy the problem); Larez, 946 F.2d at 646 (police chief knew officers resorted to use of excessive force and yet failed to take any remedial steps); Guitierrez-Rodriquez v. Cartegena, 882 F.2d 553, 564-66 (1st Cir. 1989) (superintendent of police reviewed thirteen civilian complaints against officer and utilized inadequate procedures to evaluate need for or dispense discipline). See also Fuller v. City of Oakland, 47 F.3d 1522, 1535 (9th Cir. 1995) (noting that if police chief reviewed inadequate investigative file and nevertheless approved the investigation, jury could find that he acted with reckless disregard toward plaintiff's right to an unbiased investigation). A mere failure to recognize that additional

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT     -6-

training or supervision is needed will not suffice: the failure must reflect a deliberate or conscious decision to trigger supervisor liability under § 1983. City of Canton, 489 U.S. at 389. The testimony of plaintiff's expert does not give rise to a genuine issue of material fact regarding Chief Kerlikowske's deliberate indifference.

### (c) False Arrest Under State Law

A state law action for false arrest arises when plaintiff's personal liberty is unlawfully curtailed.

> A person is restrained or imprisoned when he is deprived of either liberty of movement or freedom to remain in the place of his lawful choice; and such restraint or imprisonment may be accomplished by physical force alone, or by threat of force, or by conduct reasonably implying that force will be used.

Bender v. City of Seattle, 99 Wn.2d 582, 590 (1983) (quoting Kilcup v. McManus, 64 Wn.2d 771, 777 (1964) ). Plaintiff's false arrest claim against Chief Kerlikowske fails because plaintiff's personal liberty was not infringed in any way. It is undisputed that plaintiff did not want to leave the scene of the accident while the investigation was continuing. Whether Sergeant Robertson would have detained her had she attempted to leave is irrelevant: plaintiff admits that she made no effort to leave, did not tell anyone she wanted to leave, and was not told she could not leave. See Decl. of Heather Carr, Ex. 3 at 68:11-16, 69:6-10, 74:14-15, 133:6-134:13, 136:15-25. There was no arrest for which Chief Kerlikowske could be held liable under state law.

### (d) Negligent Supervision Under State Law

A cause of action for negligent supervision is analytically distinct from theories of vicarious liability. In some respects, negligent supervision claims are broader than respondeat superior: for instance, an employer can be held liable for negligent supervision even if an employee is acting outside the scope of his or her employment. In other respects, the cause of action is more narrow: an employer will not be held liable for negligent supervision under state
ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT     -7-

law "unless the employer knew, or in the exercise of reasonable care should have known, that the employee presented a risk of danger to others." Niece v. Elmview Group Home, 131 Wn.2d 39, 48-49 (1997).

Even if the Court assumes, for purposes of this motion, that Chief Kerlikowske should have known that the participating officers presented a risk for biased investigations, biased internal reviews, and/or malicious prosecution, Chief Kerlikowske is entitled to qualified immunity. Police officers are immune from suit if they are carrying out a statutory duty according to the procedures established by statute, regulations, or superiors and their actions are reasonable. Estate of Lee v. City of Spokane, 101 Wn. App. 158, 176 (2000) (citing Guffrey v. State, 103 Wn.2d 144, 152 (1984)).[6] Defendants raised qualified immunity as a defense to plaintiff's state law and § 1983 claims (Motion at 19-21). Although plaintiff responded to the assertion of qualified immunity under § 1983 (Response at 22-24), she does not address state law immunities, does not cite any state court decisions, and does not explain why Chief Kerlikowske is not entitled to immunity from the state law negligent supervision claim.

**(e) Negligent Hiring Under State Law**

Plaintiff did not respond to defendants' motion for summary judgment on her negligent hiring claim.

**(f) Negligent Training Under State Law**

Plaintiff has not alleged a cause of action for negligent training under state law.

---

[6] In order to obtain immunity from suit, a police officer may have to show only that his or her action was "in furtherance of a statutory duty and in substantial compliance with the directives of superiors and relevant regulatory guidelines." Taggart v. State, 118 Wn.2d 195, 216 (1992). The showing that must be made to obtain qualified immunity varies with the type of job being performed because the public and private interests involved in each profession must be weighed and balanced. The Supreme Court has found that parole officers are entitled to qualified immunity on less of a showing than Department of Social and Health Services caseworkers. If, as seems likely, police officers are more akin to parole officers than caseworkers, they would be entitled to qualified immunity upon a showing of substantial compliance with governing guidelines and without having to show reasonableness.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT     -8-

Her Seventh Cause of Action is entitled "Negligent Hiring and Supervision/State Law Claim." Unlike the corresponding civil rights claim, the Seventh Cause of Action does not mention negligent training and plaintiff may not use her response memorandum to add such a claim.

### (g) Malicious Prosecution Under State Law

Defendants argued in their motion that plaintiff's state law malicious prosecution claim fails because Chief Kerlikowske did not issue the offending traffic citation, did not cause charges to be filed, did not institute or continue the prosecution, and did not act with malice toward plaintiff. Plaintiff has essentially conceded that Chief Kerlikowske was not personally involved in the allegedly malicious prosecution of the citation, but argues that respondeat superior theories of liability apply to this state law claim. For purposes of this motion, the Court will assume that plaintiff has a viable claim of malicious prosecution against one or more of Chief Kerlikowske's subordinates. Nevertheless, Chief Kerlikowske is entitled to qualified immunity on this claim. As discussed above, defendants raised qualified immunity as a defense to plaintiff's state law claims (Motion at 19-21) and plaintiff failed to respond (Response at 22-24).

### (e) Negligence Under State Law

Although defendants request dismissal of all claims against Chief Kerlikowske, they did not address plaintiff's negligence claim in their motion. Having failed to bear their initial burden under Fed. R. Civ. P. 56 and Celotex Corp. v. Catrett, 477 U.S. 317 (1986), summary judgment regarding the negligence claim is inappropriate.

### (2) CLAIM AGAINST THE CITY OF SEATTLE

### (a) Liability Under 42 U.S.C. § 1983

Under 42 U.S.C. § 1983, a local government entity cannot be held liable simply because its employee violated plaintiff's constitutional rights. Rather, a municipality such as the City of Seattle may be held liable for constitutional violations only when they occur as a result

of the government's official "policy or custom." Monell v. New York City Dept. Soc. Servs., 436 U.S. 658, 694 (1978). This rule ensures that municipalities are liable only for "acts that are, properly speaking, acts of the municipality." Pembauer, 475 U.S. at 480 (internal quotation marks omitted). Although discrete decisions by a government official with ultimate authority on a matter may serve as "policymaking" by the government (Pembauer, 475 U.S. at 481), the acts of subordinate employees, such as Officer Odell in this case, are generally insufficient to create municipal liability under § 1983 (Monell, 436 U.S. at 694). The constitutionally infirm acts of subordinate employees may, however, suggest the existence of a municipal policy or custom where there is evidence of "widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded." Nadell v. Las Vegas Metro. Police Dept., 268 F.3d 924, 929 (9th Cir. 2001) (internal quotation marks omitted).

### (i) False Arrest Under § 1983

Even if the Court assumes that there might be a belief among rank and file officers that persons involved in non-criminal car accidents could be involuntarily detained at the site of the accident until the investigation had been completed and that this belief resulted in a widespread practice of detention without probable cause, nevertheless, plaintiff's constitutional and state law claims of false arrest must fail because this alleged practice did not harm plaintiff. Plaintiff admits that no one told her she could not leave the scene of the accident or that she was under arrest: plaintiff simply did not want to leave while the investigation was continuing. Decl. of Heather Carr, Ex. 3 at 68:11-16, 69:6-10, 74:14-15, 133:6-134:13, 136:15-25. In such circumstances, the practices and customs of the Seattle Police Department did not cause plaintiff's detention or any constitutional deprivation associated with her presence during the investigation.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT         -10-

### (ii) Negligent Training and Supervision Under § 1983

With respect to plaintiff's substantive due process claims, plaintiff argues that the City can be held liable for the biased review processes utilized by the police department in this case because two of the participants admitted that a bias in favor of Officer Nollette affected the reviews. Response at 18. Plaintiff acknowledges that the relevant policymaker in this context is Chief Kerlikowske (Response at 19): the actions of the subordinate officers do not, in and of themselves, constitute municipal policy. Plaintiff therefore argues that the City is liable, through Chief Kerlikowske, for the failure to train and supervise the subordinate officers regarding how to conduct fair and unbiased investigations/reviews of traffic accidents involving officers and civilians.

This claim fails for two reasons. First, plaintiff's Third Cause of Action for "Negligent Hiring and Supervision/Violation of Civil Rights" asserts a claim against only Chief Kerlikowske. Plaintiff cannot use her response memorandum to amend the complaint. Second, liability attaches under § 1983 "where -- and only where -- a deliberate choice to follow a course of action is made from among various alternatives . . . ." City of Canton, 489 U.S. at 389. Although a failure to train or supervise may satisfy this criteria (City of Canton, 489 U.S. at 390), plaintiff makes no attempt to explain how Chief Kerlikowske (or through him, the City) could be indifferent to constitutional violations that he did not know were occurring. At best, plaintiff has provided evidence from which one could arguably conclude that Chief Kerlikowske failed to recognize that additional training or supervision regarding the avoidance of conflicts is needed. Such a failure was neither deliberate nor conscious and does not give rise to liability under § 1983. City of Canton, 489 U.S. at 389.

### (iii) Malicious Prosecution Under § 1983

In her Fourth Cause of Action, plaintiff asserts that the City violated her right to substantive due process when it initiated and/or continued to prosecute the traffic citation issued

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT     -11-

at the scene of the accident. As noted above in footnote 5, plaintiff has not provided any evidence that the relevant policy maker, Chief Kerlikowske, knew or should have known that the prosecution was meritless. Response at 20-21 (Dkt. # 42). Nor has plaintiff asserted that such prosecutions are pursuant to an official policy or widespread custom within the police department. Her § 1983 claim related to malicious prosecution therefore fails as a matter of law.

For all of the foregoing reasons, defendants' motion for summary judgment is GRANTED in part and DENIED in part. All claims against Chief Kerlikowske with the exception of the state law negligence claim are dismissed with prejudice.[7] Plaintiff's § 1983 claims against the City of Seattle are also dismissed with prejudice.

DATED this 20th day of April, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[7] Plaintiff has moved to voluntarily dismiss her negligence claim against Chief Kerlikowske. Dkt. # 27. In effect, all claims against Chief Kerlikowske are now resolved.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR PARTIAL SUMMARY JUDGMENT    -12-