UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                         )
ANNE WARDELL,               )
                                         )    No. C05-0741RSL
                Plaintiff,   )
    v.                             )
                                         )    ORDER DENYING DEFENDANTS'
DEANNA NOLLETTE, *et al.*,   )    MOTION TO COMPEL
                                         )
                Defendants.  )
_____)

This matter comes before the Court on "Defendants' Motion to Compel Plaintiff to Properly Respond to Written Discovery." Dkt. # 28. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) Defendants' motion is untimely. Discovery in this matter closed on February 13, 2006, and all discovery motions were to have been filed on or before Thursday, January 26, 2006. The correspondence produced by the parties show that defendants were aware that the time in which to file discovery motions was running out (Decl. of Heather Carr, Ex. 5 (Dkt. # 29)) and yet they waited two months to contact plaintiff's counsel regarding the alleged deficiencies and continued to extend the time for production past the deadlines established in the "Stipulated Motion and Order to Extend Case Schedule Deadlines and Trial Date" (Dkt. # 13). As noted in the "Minute Order Setting Trial & Related Dates" (Dkt. # 11), the deadlines established by the Court are "firm" and "can be changed only by order of the Court, not by

ORDER DENYING DEFENDANTS'
MOTION TO COMPEL

agreement of counsel or the parties. The Court will alter these dates only upon good cause shown: failure to complete discovery within the time allowed is not recognized as good cause." Having ignored the case management deadlines in this case and absent good cause shown, defendants cannot now seek the assistance of the Court in pursuing untimely discovery.

(2) A brief review of the interrogatories and requests for production propounded by defendants show that many of them are improper. Chief Kerlikowske's Interrogatories Nos. 3, 4, 5, 6, 7, and 8, for example, are designed to force plaintiff to catalog every witness or fact that may be relevant to a particular claim, apparently in the hopes of confining plaintiff to that evidence when responding to dispositive motions and/or at trial. While such an interrogatory may be appropriate where plaintiff controls documents and possesses information that has not yet been disclosed, there are very few relevant facts about which plaintiff has personal knowledge and those facts have been disclosed through her complaint, initial disclosures, and deposition. Defendants are essentially asking plaintiff to restate evidence that has been obtained from defendants, an exercise which will not further the goals of discovery and which is unduly burdensome.

Other interrogatories seek information that is not relevant to this case, such as the identity of all persons with whom plaintiff came into contact during the 24 hours preceding the collision and the exact time of each such contact. City of Seattle's Interrogatory No. 8.

Finally, defendants are demanding an unreasonable level of specificity and detail in plaintiff's responses regarding events that occurred almost two years ago. When asked to identify each person with whom plaintiff spoke regarding the incident (City of Seattle's Interrogatory No. 13), plaintiff provided a fairly detailed narrative with dates, summaries of communications, and the names of City employees with whom she had contact. Decl. of Heather Carr, Ex. 4 (Dkt. # 29). Defendants pronounced this answer "clearly incomplete" for a number of reasons, including that plaintiff "fails to identify any communication, and the

ORDER DENYING DEFENDANTS'
MOTION TO COMPEL                             -2-

participants in such conversations, she had when 'picking up the accident report.'" To the contrary, plaintiff states that she "asked for results of the board review from John Abraham . . ." and that "John Abraham referred me to other people." Both the communication and the participant are identified. Defendants apparently demand a verbatim account of all communications with City officials: "[p]roviding interpretive summaries of only select portions or aspects of the contact, meeting, interaction, or communication is not adequate or fully responsive." Decl. of Heather Carr, Ex. 5. Such demands are not reasonable and would not be upheld even if this motion had been timely filed.

        For all of the foregoing reasons, defendants' motion to compel is DENIED.

        DATED this 20th day of April, 2006.

                              */s/ Robert S. Lasnik*
                              Robert S. Lasnik
                              United States District Judge